[Crim. No. 4261.   Second Dist., Div. One.   Jan. 24, 1949.]

THE PEOPLE, Respondent, v. ABE LINCOLN, JR. et al., Defendants; HENRY J. THOMPSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and order denying a motion for a new trial.

Defendant was adjudged guilty of robbery. The record reveals that the victim was robbed by "two persons as he was locking up his gas station at 72nd and Avalon Boulevard for the night." The defendant testified, as recited in appellant's brief, that, "he was employed by the 'East Side Taxi Cab Company.' That on January 6, 1948, he went near a service station at 72nd and Avalon Boulevard in Los Angeles and that time he was employed in the capacity of a taxi cab driver and that he had certain fares with him at that time. That he picked up the fares at 1035 East Jefferson Boulevard and they asked him to take them in the general direction of Watts. That they had him stop at 72nd and Avalon on a

street between Avalon and Central and they got out of the car without paying anything to him, and told him to wait for them. He waited about ten minutes and they came back and told him to drive them back to the Avenue for which they paid him about $5.00. They did not tell him where they had been and he did not know where they had been." Officer Bradley, however, testified in substance, as recited in appellant's brief, that, "He had a conversation with Appellant, Thompson, on January 19, 1948, at the Newton Street Detective Bureau. He asked Thompson to tell him what part he played in the robbery of the gas station at 72nd and Avalon, on or about the 6th day of January. He said that he, Cliff McClutchen, Abe Lincoln, Earl Patrick were riding around in Earl Patrick's automobile the night it happened, and the night was very foggy as they drove by the gas station at 72nd and Avalon, and someone said, 'That fellow is just closing up, let's rob him.' That he pulled the car around the corner from the gas station that Patrick and Lincoln got out of the car and went in the direction of the gas station. In a few moments they came back and told him that they had held the man up and gave him approximately $12.00. He then drove off at that time."

It is contended on appeal that the evidence is insufficient "to justify the judgment." In that connection it is argued that, "the evidence fails to establish any fact that appellant robbed the place or that he aided and abbetted in its com-- mission." It is also argued that, "It is not contended by the prosecution that Appellant participated in the robbery. Therefore, the only way that Appellant can be charged is that he intentionally aided and abetted in the commission of the crime. There is no evidence that a conspiracy existed to rob any place or that the robbery had been planned or plotted."

It is evident from a review of the record, and in particular the testimony of the officer above referred to, that appellant's argument is without merit.

The evidence is sufficient. The judgment and order are affirmed.

York, P. J., and White, J., concurred.